IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ARTHUR LAWTON CLARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-068 |
| | ) | |
| LYNN SHEFFIELD, Sheriff, Dodge County, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed a habeas petition under 28 U.S.C. § 2254 that is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Because the petition is time-barred, the Court **REPORTS** and **RECOMMENDS** the petition be **DISMISSED**, and this civil action be **CLOSED**.

### I. BACKGROUND

On June 7, 2012, Petitioner pleaded guilty in the Superior Court of Dodge County to aggravated cruelty to animals in violation of O.C.G.A. § 16-12-4(c). (Doc. no. 1, p. 1.) On June 17, 2013, the Superior Court sentenced Petitioner to five years of probation. (Id.) Petitioner did not appeal, and his conviction became final on July 17, 2013. (Id. at 2); see O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of.").) On August 5, 2014, Petitioner filed a petition for state habeas corpus relief in the Superior Court of Butts County. (Id. at 3.) The state habeas court denied the petition on December 12, 2015. (Id.) On December 15, 2015,

Petitioner filed an application for a certificate of probable cause to appeal with the Supreme Court of Georgia, and the Supreme Court of Georgia denied the application on April 4, 2016. (Id. at 5.)

Petitioner executed the instant federal habeas corpus petition on July 22, 2016, and the Clerk of Court filed the petition on August 19, 2016. (Id. at pp. 1, 15.) Petitioner argues his conviction is invalid because the indictment failed to "set out every essential element of the felony crime of aggravated cruelty to animals," and that counsel was ineffective for advising him to enter into a guilty plea. (See generally id.)

## II. DISCUSSION

### A. The Petition is Time-Barred.

Pursuant to 28 U.S.C. § 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply, the instant case is governed by § 2244(d)(1)(A). Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Here, because Petitioner did not file a direct appeal following his sentencing on June 17, 2013, Petitioner's conviction became "final" when the thirty day period to appeal expired. (Doc. no. 1, p. 2; O.C.G.A. § 5-6-38(a).) Thus, for the purpose of AEDPA's one-year statute of limitations, Petitioner's state conviction became final on July 17, 2013.

The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). However, Petitioner waited more than one year following the finality of his state court conviction before filing his state habeas petition on August 5, 2014. By that time, the one-year statute of limitations for filing a federal petition had expired, meaning that no time period remained to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("Once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). Petitioner also waited 109 days after the Supreme Court of Georgia denied his application for a certificate of probable cause to appeal on April 4, 2016, before submitting to prison authorities the instant federal habeas petition on July 22, 2016.[1] (Doc. no. 1, at pp. 6, 15.) Thus, the instant petition is untimely.

---

[1] Under the mailbox rule, a *pro se* prisoner's motion to vacate is filed the date it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

### B. The Limitations Period Was Not Otherwise Reset Under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling Or That a Fundamental Miscarriage of Justice Has Occurred.

AEDPA describes three other situations which may delay or reset its one-year statute of limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any of these three statutory sections. (See generally doc. no. 1.) Thus, the Court concludes that there is no basis for statutory tolling of AEDPA's one-year statute of limitations under these provisions.

Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268

(11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a <u>severely confined</u> category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].' " McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances stood in his way and prevented him from timely filing his federal petition. (See generally doc. no. 1.) Petitioner also has not presented any new evidence to suggest he did not commit the offense with which he was charged such that no reasonable juror would have convicted him. Indeed, Petitioner only argues his indictment was flawed and that counsel rendered ineffective assistance in

5

advising him to plead guilty; nowhere does Petitioner claim he did not commit the crime for which he was convicted. (See id.) Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

In sum, Petitioner's § 2254 petition is time-barred by AEDPA's one-year statute of limitations because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) there is no statutory basis for extending the one-year deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments sufficient to support a claim of actual innocence.

### C. If Petitioner Intends to Challenge Probation Revocation Proceedings, He Must First Exhaust Available State Court Remedies Before Seeking Relief in Federal Court.

For the sake of completeness, the Court notes Petitioner's present place of confinement is Dodge County Jail. (Doc. no. 1.) Because Petitioner states he was originally sentenced to five years probation, the Court surmises Petitioner may have been re-arrested and sentenced for a probation violation.[2]

Even if the Court were to assume Petitioner actually intends to challenge a probation revocation rather than the underlying conviction, he must still exhaust available state court remedies before seeking relief in federal court. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have

---

[2] According to the Dodge County Jail website, Petitioner was arrested on May 14, 2016. http://www.interopweb.com/dodgejailpop/ (in current inmates section, enter "clark" into last name, and "arthur" into first name).

6

exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Georgia case law is clear that state habeas corpus procedures are available to challenge revocation of probation. See, e.g., Wilson v. Windsor, 630 S.E.2d 367 (Ga. 2004) (utilizing state habeas petition for relief after probation revocation proceedings); Harvey v. Meadows, 626 S.E.2d 92 (Ga. 2006) (same). Thus, even if Petitioner were intending to challenge a probation revocation, his petition would not now be properly before this Court because he does not report ever having filed a direct appeal or state habeas corpus petition challenging the revocation.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of October, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA