# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF GEORGIA

## DUBLIN DIVISION

| | | |
|---|---|---|
| ARTHUR LAWTON CLARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-068 |
| | ) | |
| LYNN SHEFFIELD, Sheriff, Dodge County, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**O R D E R**

_____

Petitioner filed the above-captioned petition pursuant to 28 U.S.C. § 2254. Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court recommended dismissal of the petition as time-barred. (Doc. no. 5.) The Court found Petitioner's state conviction became final on July 17, 2013, and Petitioner waited more than one year before filing his state habeas petition on August 5, 2014, resulting in expiration of AEDPA's one-year limitations period before Petitioner filed the present petition on August 19, 2016. (Doc. no. 5, p. 3.)

In his objections to the Report and Recommendation, Petitioner argues his conviction was not final for AEDPA purposes until revocation of his first offender status in May 2014. (Doc. no. 7, p. 2.) Accordingly, Petitioner argues his limitations period did not begin to run until May 2014, was tolled by the filing of his state habeas petition in August 2014, and his federal petition is therefore timely. (Id.) Petitioner also argues his motion to correct void and illegal sentence, filed on July 9, 2014, would toll the limitations period. (Id. at 3.)

Finally, Petitioner argues that even if the statute of limitations began to run from the time of his guilty plea under the Georgia First Offender Act, he is actually innocent and should be excused from the limitations bar.

In light of Petitioner's objections, it does not plainly appear from the petition that petitioner is not entitled to relief. The Court believes further factual and legal development is needed and **VACATES** the Report and Recommendation. Accordingly, process shall issue.

The Court hereby **ORDERS** Respondent to answer in writing the allegations of the petition within sixty days of the date of this Order. Pursuant to Rule 5, Rules Governing Section 2254 Cases in the United States District Courts, the answer shall include the following:

1. certified copy of the trial transcript from Petitioner's state court conviction;

2. certified copy of the transcript from Petitioner's state habeas corpus hearings;

3. decision of the state habeas courts; and,

4. if Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of Petitioner's and Respondent's brief on appeal and the opinion of the appellate court, if any, as to each proceeding.

Either with the filing of the answer or within fifteen days, Respondent shall move for dismissal or explain in writing why the petition cannot be adjudicated by a motion to dismiss. Copies of all filed exhibits referenced in Respondent's pleadings must be served on Petitioner. Rodriguez v. Fla. Dep't of Corr., 748 F.3d 1073, 1077 (11th Cir. 2014).

Petitioner and Respondent shall submit to the Court their respective briefs of law

within the aforementioned sixty day period, not to exceed twenty-six typewritten pages, double-spaced on letter-sized paper. Petitioner and Respondent shall refer to specific pages of the trial transcript in which it is contended that constitutional error did or did not occur.

No discovery shall be had by either party without leave of court. Rule 6, Rules Governing Section 2254 Cases in the United States District Courts. Unless and until Petitioner demonstrates that the state habeas court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of Petitioner's habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the Memorandum effective December 1, 2015, entry of this Order on the docket by the Clerk complies with the requirement of service of the petition on the respondent, the Attorney General, or other appropriate officer. See General Order, MC 415-022 (S.D. Ga. Dec. 3, 2015). Pursuant to that Memorandum, service is accepted upon entry of this Order. The Court further **ORDERS** the **CLERK** to serve this Order upon Petitioner.

SO ORDERED this 13th day of December, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3