IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ARTHUR LAWTON CLARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-068 |
| | ) | |
| SHAWN EMMONS, Warden, | ) | |
| Johnson State Prison, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss the petition for lack of jurisdiction and untimeliness. (Doc. no. 14.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, this petition be **DISMISSED** for lack of jurisdiction, and a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

On June 17, 2013, Petitioner pleaded guilty in the Superior Court of Dodge County to aggravated cruelty to animals and was sentenced to five years probation. (Doc. no. 15-5, pp. 6-8.) On May 15, 2014, the Superior Court revoked two years of Petitioner's probation and terminated the remainder of his sentence. (Doc. no. 15-8, p. 13.) Petitioner filed a motion to correct void and illegal sentence on July 21, 2014. (Doc. no. 7-4.) The motion was dismissed

Case 3:16-cv-00068-DHB-BKE   Document 20   Filed 09/01/17   Page 2 of 8

as untimely filed on February 20, 2015.  (Doc. no. 7-5.)  Petitioner was released on parole,[1] and his parole was revoked "on or about" June 23, 2015 .  (Doc. no. 19, p. 4.)

Petitioner, through counsel, filed this petition on August 19, 2016, asserting two grounds for relief.  (Doc. no. 1.)  Ground one alleges Petitioner was "sentenced on a void indictment because it failed to allege every essential element" of the charge for aggravated cruelty to animals."  (Id. at 5.)  Ground two alleges his trial counsel was ineffective by failing to challenge the sufficiency of the indictment and advising Petitioner to plead guilty.  (Id. at 7.)  Respondent filed a motion to dismiss, arguing the Court lacks jurisdiction under § 2254 because Petitioner failed to satisfy the "in custody" requirement and, even if the Court had jurisdiction, Petitioner's habeas petition would be untimely.  (See generally doc. no. 14.)  Petitioner argued in response (1) the record is not clear regarding whether he met the "in custody" requirement, (2) the petition is timely because he was sentenced as a first offender so his conviction was not final until after his probation revocation, and (3) equitable tolling applies because he was actually innocent of the crime charged.  (See generally doc. no. 19.)

## II. DISCUSSION

### A. The Court Lacks Jurisdiction Under § 2254 Because Petitioner Was Not in Custody When He Filed This Petition.

Under 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a) (emphasis added).  This "in custody" requirement must be satisfied in order for a federal court to have jurisdiction to hear a case under § 2254.

---

[1] Neither party sets forth the details of Petitioner's release on parole, including his release date.

2

Unger v. Moore, 258 F.3d 1260, 1263 (11th Cir. 2001) ("For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be 'in custody pursuant to the judgment of a state court.'"). The Supreme Court has found the "in custody" language in § 2254 blocks a petitioner from bringing a federal habeas petition directed solely at a conviction for which he is no longer serving a sentence. Lackawanna Cty. Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001).

Here, like in Lackawanna, the Court lacks jurisdiction under § 2254 because Petitioner was no longer serving a sentence for the challenged conviction when his petition was filed. At the May 15, 2014, probation revocation, the Dodge County Superior Court amended Petitioner's sentence to terminate after two years of incarceration. (Doc. no. 15-8, p. 13.) Petitioner's release on parole and subsequent parole revocation would not have extended the term of his sentence. See O.C.G.A. § 42-9-2(d)(1) ("The parolee shall remain in the legal custody of the board until the expiration of the maximum term specified in his or her sentence . . . ."); Hayward v. Danforth, 787 S.E.2d 709, 710 (Ga. 2016). Thus, Petitioner's sentence terminated on May 15, 2016. (See doc. no. 15-8.) Petitioner did not file the present petition until July 22, 2016. (See doc. no. 1.) Because Petitioner was not in custody for the challenged conviction when he filed this petition, the Court lacks jurisdiction under § 2254.

### B. Petition Would Be Time-Barred if Jurisdiction Existed.

Even if the Court had jurisdiction over this petition, it would be untimely under AEDPA. Pursuant to AEDPA, 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 petitions that runs from the latest of:

3

(1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). In Georgia, "when a state habeas petition seeks a certificate of probable cause from the Georgia Supreme Court and the Court denies the request, the petitioner's case becomes complete when the Court issues the remittitur for the denial." Dolphy v. Warden, Central State Prison, 823 F.3d 1342, 1345 (11th Cir. 2016).

Petitioner was convicted and sentenced on June 17, 2013. (Doc. no. 15-5, pp. 6-8.) Because Petitioner did not file a direct appeal within thirty days of his sentencing, Petitioner's conviction became "final" under AEDPA on July 17, 2013. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision

or judgment complained of."). Petitioner filed the current petition on August 19, 2016. (Doc. no. 1.) Because Petitioner did not file within the one-year statute of limitations under AEDPA, the petition is time-barred.

Petitioner claims his petition is not untimely under AEDPA because he was sentenced as a first offender, meaning his conviction did not become final until his probation revocation in May 2014. (Doc. no. 19, pp. 5-6.) Plaintiff also argues the one-year limitation period tolled during the pendency of his motion to correct void and illegal sentence. (Doc. no. 19, p. 6.)

Furthermore, Petitioner requested time to "sufficiently develop[]" the record with transcripts of the plea and revocation hearings to determine whether he was sentenced under first offender status. (Doc. no. 19, pp. 4-5.) However, Respondent placed transcripts of the guilty plea and revocation hearings on the record prior to Petitioner's response to the motion to dismiss. (See doc. nos. 15-6, 15-7.) Therefore, there is no need to allow Petitioner time to refile documents already on the record.

Upon review of Petitioner's sentence and the transcripts of the plea hearing and probation revocation, nothing in the record indicates Petitioner was sentenced as a first offender. The final disposition form does not indicate Petitioner's plea was entered under the First Offender Act, (doc. no. 15-5, p. 6.) and neither the plea hearing transcript nor the probation revocation transcript mentions the Petitioner was sentenced as a first offender. (Doc. no. 15-6; doc. no. 15-8.) In short, Petitioner was not sentenced as a first offender.

Because Petitioner was not sentenced as a first offender, his conviction became final on July 17, 2013. Petitioner filed his motion to correct void and illegal sentence on July 21,

5

2014, more than one year after his conviction became final. (Doc. no. 7-4, p. 1.) Because the one-year limitation period had expired before Petitioner filed the motion, his claim that the motion tolled the statute of limitations is also without merit. Therefore, the present petition was untimely filed.

    **C.    The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.**

Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any statutory sections of AEDPA set forth above. An otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. __, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his federal claims or that a miscarriage of justice will occur if his claims are not considered. Petitioner argues he cannot present new evidence to support his claim of actual innocence because this case involves a guilty plea. (Doc. no. 19, p. 7.) However, at the plea hearing, the prosecution set forth the factual basis of the plea. (Doc. no. 15-6, pp.10-11.) The factual basis served as the necessary evidentiary component in this case. See Phelps v. State, 750 S.E.2d 340, 343 (Ga. 2013). Thus, there was evidence presented in this case

7

which Petitioner was able to supplement to support his actual innocence claim.  To the extent his opposition to the motion to dismiss challenges his guilt, he has presented no *evidence* to support, let alone satisfy, the high burden that no reasonable fact finder could have found him guilty of aggravated cruelty to animals.

Because Petitioner has not shown any extraordinary circumstances prevented the timely filing of his federal habeas corpus claims or that a miscarriage of justice will occur if the untimely claims are dismissed, neither equitable tolling nor the fundamental miscarriage of justice exception saves the untimely petition from dismissal.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, this petition be **DISMISSED** for lack of jurisdiction, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 1st day of September, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA