FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2017 NOV 13 P 4: 17

CLERK____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ARTHUR LAWTON CLARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-068 |
| | ) | |
| ANTOINE CALDWELL, Warden, | ) | |
| Johnson State Prison,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 25.) Although nothing in Petitioner's objections undermines the Magistrate Judge's recommendation, the Court will briefly address Petitioner's arguments.

In his objections, Petitioner raises new arguments against the Magistrate Judge's analysis of: (1) the "in custody" requirement of 28 U.S.C. § 2254; (2) the equitable tolling exception to the one-year statute of limitations under AEDPA; and (3) the "actual innocence" exception to the one-year statute of limitations under AEDPA. (Doc. no. 25.) While courts have the discretion to consider novel evidence, factual claims, and legal argument raised for

---

[1] Antoine Caldwell has succeeded Shawn Emmons as Warden of Johnson State Prison. See www.dcor.state.ga.us (follow "About GDC," "Divisions," and "Facilities" hyperlinks; then search "Johnson State Prison"). As the proper Respondent in this habeas corpus case is the state officer who has custody of Petitioner, the Court **DIRECTS** the Clerk to update the docket to accurately reflect Antoine Caldwell as Respondent. See Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

the first time in an objection to an R&R, they are under no obligation to do so. Frone v. JP Morgan Chase & Co., 695 F. App'x 468, 472 (11th Cir. 2017) (concluding district judge has broad discretion in considering argument not presented to magistrate judge); Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (same). The Court chooses not to consider Petitioner's new factual claims here. However, even if the Court were to consider Petitioner's new arguments, they would not change the Magistrate Judge's well-reasoned analysis and conclusion.

Petitioner advances a new argument in his objections regarding the "in custody" requirement of 28 U.S.C § 2254. In the current petition, Petitioner challenges his 2013 conviction for aggravated cruelty to animals. (See doc. no. 1.) In his objections, Petitioner argues for the first time he satisfies the "in custody" requirement because he is currently serving a sentence for a 2016 felony conviction that is purportedly predicated on his 2013 conviction. (Doc. no. 25, p. 14.)

In Lackawanna Cty. Dist. Att'y v. Coss, the Court held a petitioner was considered "in custody" for the purpose of a § 2254 petition even though the petitioner was no longer serving the challenged sentence, where his petition "can be (and has been) construed as 'asserting a challenge to the [current] senten[ce] as enhanced by the allegedly invalid prior . . . conviction.'" (quoting Maleng v. Cook, 490 U.S. 488, 493 (1989)). 532 U.S. 394, 401-02 (2001). Recently, however, the Eleventh Circuit explained a petitioner does not meet the "in custody" requirement under Lackawanna if (1) his challenge to the enhanced sentence is nothing more than a claim that the prior conviction causing the enhancement is invalid; and (2) he is no longer serving a sentence on the expired conviction. Hamm v. Comm'r, Ala. Dept. of Corr., 620 F. App'x 752, 759 (11th Cir. 2015) (citations omitted).

Petitioner makes no mention of the 2016 conviction in his § 2254 petition. Instead, he only seeks to challenge his 2013 conviction for which he is admittedly no longer in custody. (Doc. nos. 14, 19.) Even in his objections, he merely explains that his 2016 conviction is predicated on the 2013 conviction. Not once does he attack the validity of the 2016 conviction itself. (Doc. no. 25, p. 14.) Accordingly, Petitioner does not meet the "in custody" requirement as recognized in Lackawanna. Lackawanna, 532 U.S. at 401-02.

Even if Petitioner were "in custody" under Lackawanna, he would not be able to challenge his 2013 conviction because it is no longer open to direct or collateral attack in its own right. As explained in the Report and Recommendation, Petitioner filed the current § 2254 petition outside of the one-year AEDPA statute of limitations, and the 2013 conviction he challenges is no longer open to direct or collateral attack.

Petitioner argues he is entitled to equitable tolling because he can show "cause and prejudice" based on his trial counsel's ineffective assistance of counsel and the invalidity of the indictment. (Doc. no. 25, pp. 5-7.) Petitioner, however, does not state the proper test for equitable tolling. To be entitled to equitable tolling under AEDPA, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner has not made the required showing of diligence or extraordinary circumstances. Petitioner claims, again for the first time in his objections, he hired his post-conviction counsel on June 4, 2014, and counsel promised to "file his petition timely." (Doc. no. 25, p. 2-3.) When Petitioner asked his counsel about the late filing of the petition, counsel purportedly told him the nature of the claims would "except any procedural bar

3

caused by his failure to file timely." (Id. at 3.) Petitioner does not indicate what type of "petition" he instructed his counsel to file in June 2014. Furthermore, Petitioner states in his objections he "did not know of the law in 28 U.S.C. § 2241 and § 2245 [sic]" until May 2016. (Doc. no. 25, p. 15.) Thus, it seems highly unlikely Petitioner told his counsel to file a federal habeas petition of which he had no knowledge in June 2014.

Furthermore, counsel's purported actions do not rise to the level of extraordinary circumstances as required for equitable tolling. "[A] garden variety claim of excusable neglect . . . such as a simple miscalculation that leads a lawyer to miss a filing deadline . . . does not warrant equitable tolling." Holland v. Florida, 560 U.S. 631, 651-52 (2010) (quotations omitted). Extraordinary circumstances in this context are found where counsel's "abandonment" of the client is "'evidenced by counsel's near-total failure to communicate with petitioner or to respond to petitioner's many inquiries and requests . . . .'" Maples v. Thomas, 565 U.S. 266, 282 (2012) (quoting Holland, 560 U.S. at 659). No such showing can be made here.

Petitioner's post-conviction counsel represented Petitioner diligently from June 2014 to August 2017, when Petitioner summarily fired counsel in a notice to the court. (Doc. no. 26.) Counsel regularly filed motions, petitions, and appeals on Petitioner's behalf, including a state motion to correct void and illegal sentence on July 21, 2014, a state habeas petition on October 15, 2014, and the present federal habeas petition on August 19, 2016. Thus, it is clear Petitioner's post-conviction counsel never "abandoned" him in a manner deserving of equitable tolling of the limitations period. Maples, 565 U.S. at 282.

Petitioner finally argues he is entitled to equitable tolling under the "actual innocence" exception to the AEDPA limitations because the indictment failed to allege the

4

essential elements of the offense for which he was convicted in 2013. To satisfy the actual innocence exception, Petitioner must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' **and** (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (emphasis added) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Magistrate Judge noted, Petitioner offers no new evidence supporting his claim of actual innocence. (Doc. no. 20, p. 8.) Petitioner has, at most, provided "new interpretations of existing evidence," which is "not . . . a sufficient showing of actual innocence to overcome the procedural default." Claritt v. Kemp, 336 F. App'x 869, 871 (11th Cir. 2009). Thus, Petitioner is not entitled to equitable tolling based on a claim of actual innocence.

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **GRANTS** Respondent's motion to dismiss, and **DISMISSES** this petition filed pursuant to 28 U.S.C. § 2254 for lack of jurisdiction.

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing.

5

Accordingly, the Court **DENIES** a COA in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Additionally, Petitioner filed a notice on September 26, 2017, seeking to dismiss his counsel and proceed *pro se*. (Doc. no. 26.) Petitioner's counsel has not filed a motion to withdraw from the case. Thus, out of an abundance of caution, the Court **DIRECTS** the Clerk to also serve a copy of this Order on Petitioner at Johnson State Prison.

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 13th day of November, 2017, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

---

[2] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

6